UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFFORDO, INC,

            *Plaintiff*,

     v.

Guangzhou Xingxing Cotton Technology
R&D Co., Ltd.,

            *Defendant*.

**CASE NO.** 1:26-cv-1848

**JURY DEMAND**

## COMPLAINT

Plaintiff Affordo, Inc. ("Plaintiff"), by and through its undersigned counsel, submits this Complaint. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the patent laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiff seeks a declaratory judgment that Plaintiff's women's thong undergarment product (the "Accused Product") does not infringe U.S. Design Patent No. D1,093,606 S (the "'606 Patent"), and that the '606 Patent is invalid under 35 U.S.C. §§ 171, 102, and 103.

## PARTIES

2.      Plaintiff Affordo, Inc., d/b/a OEAK-Bras, is a corporation organized under the laws of the State of California, with its principal place of business located at 927 Canada Ct., City of Industry, California 91748.

1

3.      Upon information and belief, Defendant Guangzhou Xingxing Cotton Technology

R&D Co., Ltd. is a company organized under the laws of the People's Republic of China, is not a

resident of the United States, and has a business address at Room 1804, No. 8 Dingxin Road,

Haizhu District, Guangzhou, Guangdong 510220, China.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has original subject-matter jurisdiction over

the federal patent law claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      An actual, continuing, and justiciable controversy exists between the parties

because Defendant has asserted the '606 Patent against Plaintiff's product by submitting a design-

patent infringement complaint through TikTok. TikTok issued a violation notice identifying

Defendant as the intellectual property owner and the '606 Patent as the asserted design patent, with

pending marketplace enforcement actions, including removal or suspension of listings, unless

Plaintiff successfully appeals within the prescribed time period.

6.      This Court has specific personal jurisdiction over Defendant pursuant to the

standard established in *SnapPower v. Lighting Defense Group*, 100 F. 4th 1371 (Fed. Cir. 2024),

because Defendant purposefully directed extra-judicial patent enforcement activities at Plaintiff in

this District. By intentionally submitting the infringement complaint to TikTok's brand-protection

mechanism, Defendant initiated a process that it knew would result in a 'product freeze' and the

removal of Plaintiff's listings, thereby directly and foreseeably causing commercial injury to

Plaintiff's business operations within the State of New York.

7.      This Court has personal jurisdiction over Defendant because, among other reasons:

(1) upon information and belief, Defendant and/or related entities under common ownership or

2

control operate U.S.-facing e-commerce storefronts, including Amazon, and engage in commerce directed to the United States, including consumers in this District; (2) Defendant purposefully invoked TikTok's brand-protection and enforcement mechanisms to assert the '606 Patent by submitting the design-patent infringement complaint that forms the basis of this action, thereby seeking marketplace enforcement actions that restrict or threaten to restrict Plaintiff's ability to sell products to consumers in this District; and (3) Defendant's enforcement conduct was directed at and foreseeably affects commerce in this District by impairing Plaintiff's ability to sell to consumers here.

8.      Upon information and belief, TikTok maintains offices and operations at 151 West 42nd Street, New York, New York, within this District, through which Defendant's complaint is processed.

9.      Plaintiff's declaratory-judgment claims arise out of Defendant's enforcement conduct described above, including submission of the design patent complaint through TikTok and the resulting restrictions or threatened restrictions on Plaintiff's ability to sell products in this District.

10.    In the alternative, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2) because (i) Plaintiff's claims arise under federal patent law; (ii) Defendant is not subject to jurisdiction in any state court; and (iii) exercise of jurisdiction is consistent with due process.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity not resident in the United States and, therefore, may be sued in any judicial district.

## FACTUAL BACKGROUND

12.    Plaintiff sells apparel-related products, including thong undergarment accessories, through online marketplaces, including TikTok Shop.

13.    On or about March 2, 2026, Plaintiff received a violation notice through the TikTok Shop Seller Center stating that a design patent owner had submitted an intellectual property complaint alleging that Plaintiff's product infringes the '606 Patent. *See* Exhibit A.

14.    The violation notice identified the intellectual property owner as Guangzhou Xingxing Cotton Technology R&D Co., Ltd., the intellectual property type as a registered design patent, and the asserted patent as U.S. Design Patent No. D1093606. *See* Exhibit B.

15.    TikTok informed Plaintiff that the alleged violation was based on a "Design Patent Infringement Claim" and that enforcement actions, including violation points and a product freeze, were pending unless Plaintiff successfully appealed the complaint within the prescribed time period. *See* Exhibit A.

16.    The TikTok notice further indicated that enforcement actions would take effect if Plaintiff did not successfully appeal or otherwise correct the alleged violation within approximately 120 hours. *See* Exhibit A.

17.    Defendant's submission of the design patent complaint has interfered with Plaintiff's ability to sell its products through TikTok Shop and threatens Plaintiff with product freezes, loss of sales, and disruption of its business operations.

18.    As a result of Defendant's accusations and enforcement efforts through the TikTok platform, an actual and immediate controversy exists between Plaintiff and Defendant regarding whether Plaintiff's products infringe the '606 Patent.

19.    Upon information and belief, Defendant is affiliated with, and operates under common ownership or control with, several Guangzhou-based entities, including Guangzhou

Lucky Cotton International E-Commerce Co., Ltd. and Guangzhou Tantu Network Technology Co., Ltd. (collectively, the "Affiliated Entities"). Publicly available corporate filings reflect that Defendant and these entities share the same enterprise contact telephone number, 020-88520967, and the same contact email address, fengyushuo@black-unique.com. *See* Exhibits C, D, and E. Those filings further reflect that Defendant and Guangzhou Tantu list business correspondence addresses at No. 8 Dingxin Road, Haizhu District, Guangzhou, with different room numbers, indicating co-location within the same facility. *See* Exhibits D and E.

20.     Upon information and belief, Defendant and/or the Affiliated Entities conduct U.S.-facing commerce through major e-commerce platforms, including Amazon. Publicly available Amazon seller-profile information for the storefront identified as "LUCKMEEY Lingerie" lists a Guangzhou-based business name and business address. *See* Exhibit G. Plaintiff's investigation has identified additional indicia of affiliation or common control between that Amazon seller and Defendant and the Affiliated Entities, including overlapping contact information and use of the black-unique.com domain. *See* Exhibits C, D, E, and G.

21.     A further nexus exists between the '606 Patent and the Affiliated Entities. The face of the '606 Patent lists Xiwei She and Jialun Mai among the inventors. Publicly available corporate information identifies Xiwei She as an executive director and manager of Guangzhou Tantu and identifies Jialun Mai as a supervisor of Guangzhou Tantu. In addition, USPTO TSDR records for the LUCKMEEY trademark identify Guangzhou Tantu as the current owner of the registration, which corresponds to the brand sold through the Amazon storefront described above. See Exhibits F and H.

5

22.     These overlaps in personnel, contact information, business location, domain usage, trademark ownership, and marketplace presence support a reasonable inference of affiliation and common ownership or control among Defendant and the related Guangzhou-based entities.

**THE PATENT IN SUIT**

23.     The patent-in-suit is U.S. Design Patent No. D1,093,606 S (the "'606 Patent"), entitled "Insert for Undergarment." *See* Exhibit H.

24.     The face of the '606 Patent indicates that it was filed on March 11, 2025 as U.S. Design Patent Application No. 29/992,913, and issued on September 16, 2025.

25.     The '606 Patent identifies Xiwei She, Jingyi Zhong, Qinglu Cao, Jialun Mai, and Xintian Zhou (each of Guangzhou, China) as inventors, and lists Guangzhou Xingxing Cotton Technology R&D Co., Ltd. as the applicant.

26.     The '606 Patent is a design patent and contains a single claim to "[t]he ornamental design for an insert for undergarment, as shown and described," as depicted in the patent drawings.

27.     TikTok's violation record identifies Defendant as the IP owner and lists the asserted IP registration number as D1093606 for "Insert for Undergarment."

**<u>COUNT I</u>**
**(Declaratory Judgment of Non-Infringement of the '606 Patent)**

28.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

29.     The '606 Patent is a design patent directed to the ornamental appearance of an insert for undergarment as shown in the patent drawings.

30.     Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not infringe the '606 Patent under the ordinary observer standard, based on the overall ornamental appearance of the claimed design as properly construed.

31.    Plaintiff's Accused Product is a women's thong undergarment. The portion accused by Defendant is the front gusset area that is integrated into the undergarment and permanently attached to the front crotch panel.

32.    The gusset portion of Plaintiff's Accused Product is constructed as a layered and thickened region of the front crotch panel. Its overall outline necessarily follows the geometry of the undergarment's front crotch area so that it will fit the body, remain positioned during wear, and provide intended coverage and comfort.

33.    Because the gusset is an integrated component of the undergarment's front panel, the design space for its overall outline is constrained by functional requirements of fit, coverage, comfort, and construction. Visible boundary lines within the gusset often reflect construction boundaries of the layered structure.

34.    Plaintiff contends that the '606 Patent protects only the ornamental aspects of the claimed design as properly construed, and that similarities driven by functional requirements of an integrated undergarment gusset do not determine infringement.

35.    Plaintiff further contends that, even accounting for those functional constraints, Plaintiff's accused gusset differs from the claimed design in its overall ornamental appearance. The claimed design depicts a comparatively deeper and narrower U-shaped inner-border return and a tighter, more uniform spacing relationship between the inner border and the outer edge along the lower portion. Plaintiff's gusset, by contrast, has a comparatively broader and shallower inner-border return, a different relative spacing between the inner border and the outer edge, and straighter side-edge curvature and different overall proportions. These differences change the overall visual impression to an ordinary observer.



'606 Patent v. Accused Product

36. An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's Accused Product infringes the '606 Patent.

37. A judicial declaration is necessary to determine the parties' respective rights with respect to the '606 Patent.

38. Plaintiff is entitled to a judgment declaring that Plaintiff has not infringed and does not infringe the '606 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '606 Patent)

39. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

40. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '606 Patent, as evidenced by Defendant's assertion of the '606 Patent against Plaintiff's product through TikTok's intellectual property complaint

process and the resulting restrictions or threatened restrictions on Plaintiff's ability to sell its products.

41.  The '606 Patent is a design patent that purports to claim the ornamental design for an insert for undergarment, as shown and described in the patent drawings.

42.  Plaintiff further contends that one or more aspects of the claimed design are dictated by functional requirements inherent in an integrated undergarment gusset, including requirements of fit, coverage, comfort, and layered construction. Plaintiff therefore contends that any protectable scope, if any, is limited to the claimed design's ornamental aspects as properly construed and is narrowed to the extent features are driven by function.

43.  Plaintiff further contends that the claimed design is not new and was anticipated by prior art designs and publications that were publicly available before the effective filing date of the '606 Patent. Representative prior art includes the following materials, each publicly available before March 11, 2025, and attached as Exhibits I-N:

- Exhibit I – Amazon product listing materials showing integrated undergarment gusset designs, with a "Date First Available" of July 5, 2024.

- Exhibit J – Amazon customer review materials showing integrated undergarment gusset designs, reviewed on June 26, 2024.

- Exhibit K – Amazon product listing materials showing integrated undergarment gusset designs, with a "Date First Available" of December 8, 2023.

- Exhibit L – Product listing or review materials from Taobao showing integrated undergarment gusset designs, publicly available on or before June 24, 2024.

- Exhibit M – Rednote post or video materials showing integrated undergarment gusset designs, publicly available on or before August 31, 2024.

- Exhibit **N** – Archived product listing page for "StyledChic's InvisaThong," captured by the Internet Archive Wayback Machine on January 23, 2025, showing a women's thong undergarment with an integrated gusset and the gusset's visible overall silhouette. Source URL is included in Exhibit N.

44.   Plaintiff seeks a declaratory judgment that the '606 Patent is invalid under 35 U.S.C. sections 171, 102, and 103, in view of the prior art and for the additional reasons set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.   Declaring that Plaintiff's Accused Product does not infringe U.S. Design Patent No. D1,093,606 (the "'606 Patent");

B.   Declaring that the '606 Patent is invalid under 35 U.S.C. sections 171, 102, and 103;

C.   Declaring that the claims of the '606 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. § 102 and/or § 103, in light of the cited prior arts;

D.   Preliminary and permanent injunctive relief requiring Defendant to withdraw, and to cause the withdrawal of, any intellectual property infringement complaints submitted to TikTok or other marketplace platforms asserting the '606 Patent against Plaintiff's product, and enjoining Defendant from submitting further infringement complaints asserting the '606 Patent against Plaintiff's product or substantially similar products;

E.   An award of Plaintiff's costs and reasonable attorney fees pursuant to 35 U.S.C. section 285, to the extent the Court finds this case exceptional;

F.   Prejudgment and postjudgment interest as allowed by law; and

G.    Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Date: March 6, 2026

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073

Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Tao.liu@glacier.law
*Attorney for Plaintiff*