**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AFFORDO, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>GUANGZHOU XINGXING COTTON TECHNOLOGY R&D CO., LTD.,<br><br>Defendants. | 26-CV-1848 (JGK) (OTW)<br><br>**ORDER** |

**ONA T. WANG**, **United States Magistrate Judge**:

Pending now before the Court is proposed intervenor Plaintiff Yiwu Xiaochuang E-Commerce Co.'s unopposed[1] motion to intervene under Fed. R. Civ. P. 24(a)(2) and 24(b). (ECF 30). For the reasons below, the motion to intervene is **GRANTED.**

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff Affordo, Inc. ("Affordo") distributes OEAK-branded undergarment products. Proposed Intervenor-Plaintiff Yiwu Xiaochuang E-Commerce Co., Ltd. ("Yiwu") owns the OEAK brand and the products that Affordo distributes. Defendant Guangzhou Xingxing Cotton Technology R&D Co., Ltd. ("Xingxing") owns the '606 Patent and asserts that the OEAK-branded products infringe that patent. Plaintiff Affordo brought this suit, seeking declaratory judgment that their product does not infringe on the '606 Patent, seeks to declare the '606 Patent as invalid under 35 U.S.C. § 102 and/or § 103, and injunctive relief requiring Defendants to withdraw complaints of patent infringement on marketplace platforms. (ECF 1 at 1).

[1] Counsel for Yiwu conferred with counsel for Affordo and Xingxing on July 6, 2026, and both parties confirmed that they do not oppose Yiwu's intervention. (ECF 31 at 5).

## II. LEGAL STANDARDS

To establish intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), "a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (internal quotation marks omitted). "Failure to meet any one of these four requirements is grounds for denial." *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2017 WL 3278926, at *17 (S.D.N.Y. Aug. 1, 2017) (internal quotation marks omitted).

"[O]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Courts typically consider the same four factors whether a motion for intervention is 'of right' under Fed. R. Civ. P. 24(a), or 'permissive' under Fed. R. Civ. P. 24(b)." *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013).

## III. DISCUSSION

I find that Yiwu has satisfied the four factors as outlined in Rule 24(a)(2) such that they are entitled to intervene as a matter of right. As to timeliness, this case was filed four months before the motion to intervene was filed, no initial case management conference has been held, and discovery has not yet begun, therefore intervention at this stage would not prejudice the parties.

As to interest in the action, Yiwu owns the OEAK brand, and the products accused in this action are OEAK-branded products distributed by Affordo. Defendant Xingxing has asserted the ‘606 Patent directly against Yiwu by securing the deactivation of Yiwu’s Amazon listing, resulting in ongoing commercial injury to Yiwu itself rather than to Affordo. *See* Ex. A.

As to Yiwu’s interests, the Court’s the merits determinations in this case will necessarily bear on whether Xingxing may continue to assert the ‘606 Patent against Yiwu’s products. The outcome of this litigation may determine whether Yiwu’s ability to sell on Amazon is restored. A judgment resolving those issues without Yiwu’s participation would materially affect Yiwu’s commercial interests while denying it the opportunity to be heard.

The final requirement of Rule 24(a)(2) is likewise satisfied. Plaintiff Affordo, as a distributor, does not share identical interests to Yiwu, the brand owner. Plaintiff Affordo cannot seek relief for Yiwu’s Amazon listing removal.

Even if Yiwu had not satisfied the requirements to intervene as of right, the Court would nonetheless grant the motion to intervene under Rule 24(b). Yiwu clearly has a claim or defense that shares a common question of law or fact with the main action. Moreover, permitting Yiwu’s permissive intervention will not “unduly delay or prejudice the adjudication of the rights of the existing parties.” *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (cleaned up).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Yiwu has satisfied each of the requirements for intervention as of right, and the motion to intervene is **GRANTED.**

**SO ORDERED.**

*s/ Ona T. Wang*

**Ona T. Wang**
United States Magistrate Judge

Dated: August 7, 2026
New York, New York