**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AFFORDO, INC.,<br><br>*Plaintiff/Counterclaim Defendant,*<br><br>v.<br><br>GUANGZHOU XINGXING COTTON TECHNOLOGY R&D CO., LTD.,<br><br>*Defendant/Counterclaim Plaintiff.*<br><br>And<br><br>YIWU XIAOCHUANG E-COMMERCE CO., LTD.,<br><br>*Intervenor-Plaintiff.* | Civil Action No. 1:26-CV-01848 -JGK-OTW<br><br>Judge John G. Koeltl<br><br>Magistrate Judge Ona T. Wang |

## STIPULATED PROTECTIVE ORDER

Plaintiff/Counterclaim Defendant Affordo, Inc. ("Plaintiff"), Defendant/Counterclaim Plaintiff Guangzhou Xingxing Cotton Technology R&D Co., Ltd. ("Defendant"), and Intervenor-Plaintiff/Counterclaim Defendant Yiwu Xiaochuang E-commerce Co., Ltd. ("Intervenor") (together, the "Parties"), by and through their undersigned counsel, having stipulated and agreed to entry of this Protective Order, and good cause appearing to protect the discovery and dissemination of certain confidential, proprietary, commercially sensitive, private, or otherwise protected information, it is hereby ORDERED:

1. Scope. This Protective Order shall govern the use, handling, and disclosure of all documents, materials, testimony, electronically stored information, discovery responses, deposition transcripts and exhibits, and other information produced or disclosed in this action that

is designated as CONFIDENTIAL (marked as “CONF.” OR “CONFIDENTIAL”) or HIGHLY CONFIDENTIAL - ATTORNEYS’ EYES ONLY (marked as “AEO” or “HIGHLY CONFIDENTIAL - ATTORNEYS’ EYES ONLY”) (collectively, “Protected Material”).

2. Definitions. As used in this Protective Order, “document” has the meaning set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. “Party” and “Parties” refer to the named parties in this action, including their officers, directors, employees, agents, and outside counsel of record, as applicable. “Affiliated Entity” means any non-party person or entity, other than a Party to this action or an entity under common ownership or control with a Party, that (a) has sought, or at any time during the pendency of this action seeks, to intervene, join, or otherwise participate in this action, or (b) has a Common Counsel Representation with a Party, as defined herein. A Party relying on the exclusion for common ownership or control in this Paragraph to disclose Protected Material to any entity other than itself shall, prior to such disclosure, identify that entity in writing to the designating Party, together with the general nature of the ownership or control relationship relied upon. A Party’s silence as to any entity shall not be construed as reliance on, or a waiver of, this exclusion as to that entity. “Common Counsel Representation” means any circumstance in which outside counsel of record for a Party, or any attorney at the same firm, currently represents, or within the preceding five (5) years has represented while at the same firm, any other person or entity in any matter concerning the ‘606 Patent, any other patent, application, or design owned by Defendant claiming or covering undergarment inserts or substantially similar subject matter, the accused products, or patent or marketplace-enforcement activity related to (i) the accused products, or (ii) products sourced from the same or a related supplier as the accused products or that are substantially similar in overall design or appearance to the accused products.

3. Protected Material. The protections conferred by this Protective Order cover not only materials designated CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"), but also information copied or extracted from such materials, and all copies, excerpts, summaries, compilations, testimony, conversations, presentations, pleadings, motion papers, or other materials that reveal the substance of Protected Material.

4. Third-Party Materials. This Protective Order shall apply to documents, materials, testimony, and information produced by non-parties in this action. A non-party may designate its own materials as CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") in the same manner as a Party. In addition, a Party may designate materials produced by a non-party as CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") by providing written notice to all Parties and, where reasonably practicable, to the producing non-party. A non-party may seek modification of this Protective Order for good cause shown. Any non-party seeking to invoke rights under this Paragraph, or seeking to intervene or participate in this action in any capacity, shall disclose in writing to the Parties (such disclosure may itself be designated hereunder), before any such participation, whether it is an Affiliated Entity or has a Common Counsel Representation with any Party. Failure to make this disclosure shall be grounds for the Court to deny access to Protected Material or participation rights under this Order.

5. Certification and Schedule Regarding Common Counsel Representations. Within five (5) business days of entry of this Order, each Party's outside counsel of record shall serve on all other Parties a written certification either (a) identifying each existing Common Counsel Representation as defined in Paragraph 2, by client name and general subject matter (without disclosing the substance of any privileged communications), or (b) stating that no such representation exists. If a Common Counsel Representation arises after entry of this Order, the affected Party's counsel shall, within ten (10) business days of learning of it, supplement the certification. Failure to comply with this Paragraph shall be grounds for the Court to restrict that counsel's access to Protected Material or to order other appropriate relief. No Protected Material shall be disclosed, discussed, or made available, directly or indirectly, to any Affiliated Entity or its personnel, whether by counsel with a Common Counsel Representation or otherwise.

6. Patent Prosecution and Reexamination Bar. Absent the designating Party's prior written consent or order of the Court, any person who reviews the substance of another Party's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") information under this Order shall not, during the pendency of this action and for one (1) year after its final resolution (including any appeals), engage in, supervise, direct, consult on, or otherwise advise regarding (a) the preparation, filing, or prosecution of any design patent or design patent application claiming a gusset insert for undergarments substantially similar to the subject matter claimed in the '606 Patent, or (b) the filing of, the drafting or amendment of claims in, or the strategic direction of, any reexamination, inter partes review, post-grant review, reissue, or other USPTO or PTAB proceeding involving the '606 Patent or any related, parent, child, continuation, divisional, reissue, or foreign-counterpart patent or application. This bar applies whether such person

accessed the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") information in this action or through any Common Counsel Representation. This Paragraph applies equally to counsel for all Parties, except as otherwise expressly provided below. Nothing in this Paragraph restricts Defendant Guangzhou Xingxing Cotton Technology R&D Co., Ltd.'s counsel of record or firm from representing Defendant in the *ex parte* reexamination of the '606 Patent currently pending before the USPTO (Reexamination Control No. 90/016,188), or in any other reexamination, inter partes review, post-grant review, reissue, or other USPTO, PTAB, or foreign patent office proceeding involving the '606 Patent or any related, parent, child, continuation, divisional, reissue, or foreign-counterpart patent or application, whether now pending or filed at any time during the period described in this Paragraph, including the preparation, filing, and prosecution of any Patent Owner's Statement, claim amendment(s), remarks, appeal, or other papers in such proceeding, or the continued prosecution of any continuation, divisional, reissue, or foreign-counterpart application. Nor does this Paragraph restrict any expert or consultant retained by Defendant in this action from engaging in, consulting on, or otherwise advising regarding, or providing declarations, opinions, or testimony in, the *ex parte* reexamination of the '606 Patent (Reexamination Control No. 90/016,188) or any other proceeding described in the preceding sentence, on behalf of Defendant. No restriction in this Paragraph shall be imputed to any attorney who has not personally reviewed the substance of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information at issue, solely by virtue of that attorney's association with a firm or person subject to this Paragraph. Nothing in this Paragraph restricts any person from participating in this action, including from advising on validity or infringement in this litigation.

7. Use Limitation. Protected Material may be used solely for the prosecution, defense, settlement, appeal, or other conduct of this action, including any related discovery, motion practice, trial, appeal, mediation, or settlement discussions, except as otherwise expressly provided below. Protected Material shall not be used for any USPTO, PTAB, reexamination, inter partes review, post-grant, or other patent-office proceeding concerning U.S. Design Patent No. D1,093,606 or any patent, application, continuation, continuation-in-part, reissue, reexamination, foreign counterpart, or related patent family member asserted in or reasonably related to this action, nor for any business, competitive, commercial, personal, marketplace-enforcement, or other purpose unrelated to this action, except as otherwise expressly provided below. Nothing in this paragraph or Order disqualifies Defendant Guangzhou Xingxing Cotton Technology R&D Co., Ltd.'s outside counsel of record or firm from representing Defendant (a) in other district court litigation concerning the '606 Patent, or (b) in, and using Protected Material in connection with, the *ex parte* reexamination of the '606 Patent currently pending before the USPTO (Reexamination Control No. 90/016,188), or in any other reexamination, inter partes review, post-grant review, reissue, or other USPTO, PTAB, or foreign patent office proceeding involving the '606 Patent or any related, parent, child, continuation, divisional, reissue, or foreign-counterpart patent or application, whether now pending or filed at any time during the period described in Paragraph 6. Nor does this paragraph or Order disqualify any expert or consultant retained by Defendant in this action from using Protected Material in connection with engaging in, consulting on, advising regarding, or providing declarations, opinions, or testimony in, any proceeding described in clause (b), on behalf of Defendant. In each case, such representation or use must comply with Paragraphs 5 through 7 of this Order, and no Protected Material designated by another Party or by a non-party may be filed, submitted, quoted,

summarized, characterized, or otherwise disclosed in any such proceeding absent the designating Party's prior written consent or order of the Court. Nothing in this Order disqualifies counsel from representing a Party in subsequent district court litigation concerning the '606 Patent, provided such representation complies with Paragraphs 5 through 7 of this Order.

8. CONFIDENTIAL Information. Information may be designated CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") if the designating Party or non-party reasonably believes in good faith that the material contains or reflects non-public, confidential, proprietary, commercially sensitive, private, personal, or otherwise protected information, including but not limited to non-public business information, financial information, sales and revenue information, customer or supplier information, marketplace account information, personal identifying information, research and development information, product-design information, marketing information, or other information entitled to protection under Federal Rule of Civil Procedure 26(c).

9. HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information. Information may be designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") if the designating Party or non-party reasonably believes in good faith that the material is non-public and so commercially sensitive, proprietary, trade secret, competitively significant, or otherwise highly sensitive that disclosure to another Party would create a substantial risk of competitive or other serious harm that could not be avoided by less restrictive means. Examples may include, without limitation, highly sensitive sales, profit, cost, margin, pricing, advertising-spend, marketplace-performance, inventory, supplier, manufacturer, customer, source-code, CAD,

product-development, design-source, platform-account, payment-processor, business-strategy, marketplace-enforcement, or other competitively sensitive information.

10. Designation of Documents and Tangible Materials. A producing Party or non-party may designate documents, files, ESI, or tangible materials as CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") by any reasonable means, including (a) marking the material with the applicable legend in a manner that does not obscure the content, or (b) identifying the designation, by Bates range, file name, custodian, or other reasonably specific identifier, in the production load file, slip sheet, or other written notice accompanying the production. A Party is not required to mark each individual page of a document to effect a valid designation, provided the designation is identified in accordance with this Paragraph.

11. Designation of Deposition Testimony. Deposition testimony may be designated as CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on the record during the deposition or by written notice served within thirty (30) days after the court reporter notifies counsel that the transcript is available. Until expiration of that thirty-day period, the entire transcript and exhibits shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") unless otherwise agreed. After the designation period expires, only those portions designated in good faith shall remain protected.

12. Disclosure of CONFIDENTIAL Information. Unless otherwise ordered by the Court or agreed in writing by the designating Party, CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") information may be disclosed only to:

a. outside counsel of record for the Parties, and attorneys, paralegals, clerical personnel, litigation-support personnel, and other employees or contractors of such counsel whose assistance is reasonably necessary for this action, provided that said attorney complies with Paragraph 5;

b. the Parties, including their officers, directors, employees, and designated representatives, to the extent disclosure is reasonably necessary for this action. Such Parties, including their officers, directors, employees, and designated representatives, shall not include any person affiliated with an Affiliated Entity as defined in Paragraph 2;

c. experts or consultants retained for this action, and their staff, provided that they first execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

d. the Court, Court personnel, jurors, and court reporters, videographers, interpreters, translators, trial consultants, graphics consultants, e-discovery vendors, document-management vendors, copy services, and other professional litigation vendors retained for this action;

e. the author, addressee, original recipient, or original custodian of the material, or any person who otherwise lawfully possessed or knew the information before this action;

f. witnesses or deponents to whom disclosure is reasonably necessary for this action, provided that they are informed that the material is subject to this Protective Order and are not permitted to retain copies unless otherwise authorized; and

g. any other person upon written consent of the designating Party or by order of the Court.

13. Disclosure of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information. Unless otherwise ordered by the Court or agreed in writing by the designating Party, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") information may be disclosed only to:

a. outside counsel of record for the Parties, and attorneys, paralegals, clerical personnel, litigation-support personnel, and other employees or contractors of such counsel whose assistance is reasonably necessary for this action, provided that said attorney complies with Paragraph 5;

b. experts or consultants retained for this action, and their staff, provided that they first execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A and the procedures in Paragraph 14 have been followed;

c. the Court, Court personnel, jurors, and court reporters, videographers, interpreters, translators, trial consultants, graphics consultants, e-discovery vendors, document-management vendors, copy services, and other professional litigation vendors retained for this action;

d. the author, addressee, original recipient, or original custodian of the material, or any person who otherwise lawfully possessed or knew the information before this action;

e. witnesses or deponents during deposition or testimony to whom disclosure is reasonably necessary, provided that they are informed that the material is subject to this Protective Order and are not permitted to retain copies absent written agreement of the designating Party or further order of the Court; and

f. any other person upon written consent of the designating Party or by order of the Court.

14. Procedures for Disclosure of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information to Experts or Consultants. Unless otherwise ordered by the Court or agreed in writing by the designating Party, a Party seeking to disclose HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") information to an expert or consultant shall provide written notice to the designating Party identifying: (a) the expert or consultant's full name and city and state or country of primary residence; (b) the expert or consultant's current resume or curriculum vitae; (c) the expert or consultant's current employer(s); and (d) any current or former affiliation between the expert or consultant and the Party seeking disclosure. The requesting Party may disclose the material to the identified expert or consultant three (3) business days after providing notice unless the designating Party serves a written objection stating the grounds for objection. If an objection is made, the Parties shall promptly meet and confer. If the dispute cannot be resolved, either Party may seek relief under Local Civil Rule 37.2 and the Court's Individual Practices. The material shall not be disclosed to the objected-to expert or consultant until the objection is resolved by agreement or Court order.

15. Acknowledgment. Before disclosing Protected Material to any person required to execute an acknowledgment under this Protective Order, counsel shall provide that person with a copy of this Protective Order and obtain a signed Acknowledgment and Agreement to Be Bound in the form attached as Exhibit A. Counsel shall retain executed acknowledgments and need not disclose them unless ordered by the Court or upon a showing of good cause.

16. Challenges to Designations. A receiving Party may challenge a confidentiality designation by providing written notice identifying the challenged material and the basis for the challenge. The Parties shall meet and confer in good faith. If the dispute is not resolved, the

challenging Party may seek relief under Local Civil Rule 37.2 and the Court's Individual Practices. The designating Party bears the burden of establishing that the challenged designation is proper. Until the Court rules or the designating Party withdraws the designation, the challenged material shall be treated according to the designation.

17. No Waiver of Challenge. A receiving Party does not waive its right to challenge a confidentiality designation by failing to challenge the designation promptly after the material is produced or designated.

18. Inadvertent Failure to Designate. An inadvertent failure to designate material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") does not waive a later claim of confidentiality. Upon written notice of a corrected designation, the receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation from that point forward and shall make reasonable efforts to retrieve or appropriately mark prior copies.

19. Inadvertent Production of Privileged or Protected Material. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, electronically stored information, or other information, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection in this action or in any other federal, state, or other proceeding. This Order shall be interpreted to provide the maximum protection permitted by Federal Rule of Evidence 502(d). Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the handling of any such material after notice.

20. Unauthorized Disclosure. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

under this Protective Order, the receiving Party shall promptly notify the designating Party in writing, use reasonable efforts to retrieve all copies of the Protected Material, inform the person or persons to whom unauthorized disclosure was made of the terms of this Protective Order, and request that such person or persons execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A.

21. Subpoena or Order in Other Proceedings. If a Party is served with a subpoena, court order, or other demand in another action or proceeding that would compel disclosure of Protected Material produced by a disclosing Party, the receiving Party shall promptly notify the designating Party in writing and provide a copy of the subpoena, order, or demand. The receiving Party shall also inform the issuing person or tribunal that the requested material is subject to this Protective Order. The designating Party shall bear the burden and expense of seeking protection in the issuing court or tribunal. Nothing in this paragraph authorizes or requires a receiving Party to disobey a lawful directive from another court or tribunal.

22. Filing Protected Material. This Protective Order does not authorize any Party to file any material under seal. Any Party seeking to file Protected Material under seal or in redacted form must comply with the Federal Rules of Civil Procedure, the Southern District of New York Electronic Case Filing Rules and Instructions, the Court's Individual Practices, the Standing Order regarding sealed or redacted filings in civil and miscellaneous cases, 19-mc-00583, and applicable Second Circuit law concerning public access to judicial documents. The fact that material has been designated under this Protective Order, or that the Parties agree to sealing, is not by itself sufficient to justify sealing or redaction of a Court filing. A Party seeking to file Protected Material shall meet and confer with the designating Party in advance to narrow any sealing request. If a Party seeks leave to file sealed or redacted materials because another Party

or non-party has designated the material as confidential, the filing Party shall notify the designating Party or non-party that it must submit any required letter or showing in support of sealing or redaction in accordance with the Court's Individual Practices and applicable rules.

23. Use of Generative Artificial Intelligence. A receiving Party may use litigation-support tools, including technology-assisted review, analytics, machine translation, or generative artificial intelligence tools, to process, review, translate, summarize, or analyze Protected Material solely for purposes of this litigation, provided that such tools are subject to commercially reasonable confidentiality, security, and data-protection safeguards. No Party may input Protected Material into any publicly available or consumer generative artificial intelligence tool that retains, uses, or permits the use of input data for model training, model improvement, or any purpose other than providing services for this litigation, absent prior written consent of the designating Party or Court order.

24. Return or Destruction. Unless otherwise agreed in writing or ordered by the Court, within sixty (60) days after final disposition of this action, each receiving Party shall either return or destroy Protected Material and shall certify destruction if requested by the designating Party. Outside counsel may retain one archival copy of pleadings, motion papers, deposition transcripts, exhibits, attorney work product, correspondence, and materials filed with the Court, even if such materials contain or refer to Protected Material, provided that such archival materials remain subject to this Protective Order.

25. Continuing Effect. The obligations imposed by this Protective Order shall survive the final disposition of this action unless otherwise ordered by the Court. ~~The Court retains jurisdiction to enforce this Protective Order after final disposition of this action.~~ Without

OTW 11/2/26

limitation, the obligations set forth in Paragraphs 5 and 6 shall survive final disposition of this action for the periods specified therein~~, and the Court retains jurisdiction to enforce them~~. OTW 11/2/26

26. Reservation of Rights. By stipulating to or complying with this Protective Order, no Party or non-party waives any right to object to the production, discovery, admissibility, authenticity, confidentiality, relevance, or use of any information or material on any ground. Nothing in this Protective Order shall be construed to require production of information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, or any other applicable privilege, immunity, or protection.

27. Modification. This Protective Order may be modified by agreement of the Parties, subject to Court approval where required, or by the Court for good cause shown.

SO ORDERED.

DATED: November 2, 2026

HON. ONA T. WANG
United States Magistrate Judge

**STIPULATED AND AGREED:**

Dated: November 2, 2026

*/s/Wei Wang*
Wei Wang
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
wei.wang@glacier.law
***Attorney for Plaintiff/ Counterclaim-Defendant and Intervenor-Plaintiff/Counterclaim-Defendant***

*/s/ Ge (Linda) Lei*
Ge (Linda) Lei
Getech Law
203 N LaSalle St., Suite 2100,
Chicago, Illinois, 60601
3128886633
linda.lei@getechlaw.com
***Attorney for Defendant/Counterclaim-Plaintiff***

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1. I have read the Protective Order entered in Affordo, Inc. v. Guangzhou Xingxing Cotton Technology R&D Co., Ltd., Civil Action No. 1:26-cv-01848-JGK-OTW, in the United States District Court for the Southern District of New York.

2. I understand and agree to be bound by the terms of that Protective Order.

3. I agree not to disclose or use any information designated CONFIDENTIAL (marked as "CONF." OR "CONFIDENTIAL") or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY (marked as "AEO" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") except as permitted by that Protective Order.

4. ~~I consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing that Protective Order, even if such enforcement proceedings occur after termination of this action~~. OTW 11/2/26

Date: ______________________

Signature: ______________________________

Printed Name: ___________________________

Employer: _______________________________

Address: ________________________________